**BOROUGH OF RIDGEFIELD and the Village of Ridgefield Park, both municipal corporations of the State of New Jersey, Plaintiffs,**

v.

**NEW YORK SUSQUEHANNA & WESTERN RAILROAD and Unnamed Trucking Companies, Defendants.**

**Civ. A. No. 85–4190.**

United States District Court, D. New Jersey.

April 9, 1986.

Amended Order May 5, 1986.

Contant, Contant, Schuber, Scherby & Atkins, Hackensack, N.J. by Michael L. Scherby, for plaintiff Borough of Ridgefield.

Durkin & Boggia, Ridgefield Park, N.J. by Martin T. Durkin, for plaintiff Village of Ridgefield Park.

Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, N.J. by Michael F. Quinn, for defendant N.Y. Susquehanna & Western R.R.

Joseph F. Lisa, Woodbury, N.J., for defendant Allied Energy Corp.

OPINION

STERN, District Judge.

Plaintiffs, two municipalities of the State of New Jersey, allege that defendants' handling of liquid butane is unsafe and violates regulations promulgated under the Hazardous Materials Transportation Act, 49 U.S.C. §§ 1801 *et seq.* (1976 & 1985 suppl.). Because this Court finds that the Act does not create a private right of action, the suit must be dismissed. Plaintiffs' pendant state statutory and common law claims are also dismissed for lack of jurisdiction,

---

*United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Plaintiffs are two contiguous incorporated towns. Defendant New York Susquehanna & Western Railroad owns and operates a railroad yard in the Borough of Ridgefield. Tank cars of liquid butane arrive there and wait on a railroad siding until the butane is transferred directly into over-the-road tanker trucks. The siding is leased to Allied Energy Corp., the consignee of the butane. The trucks leave the yard on a narrow bridge, crossing a set of railroad tracks and turning on to a town street.

Liquid butane is highly inflammable. Regulations governing its transportation and transhipment by tank car have been promulgated pursuant to the Act by the Secretary of Transportation, 49 C.F.R. § 174.204 (1985). Plaintiffs assert that storing the butane in the tank cars until it can be transferred violates 49 C.F.R. § 174.204(a)(2)(ii), which mandates the use of permanent storage tanks for liquified hydrocarbon or petroleum gases like butane. Defendants claim that their procedure falls into an exception in § 174.-204(a)(2) which permits storage in tank cars on a "private track." Plaintiffs respond that the railroad's lease of the track to Allied Energy does not create a "private track" within the meaning of 49 C.F.R. § 171.8.

Plaintiffs assert pendant state statutory and common law claims.

In order for plaintiffs' claims to survive this motion, they must show that the Hazardous Materials Transportation Act, or HMTA, creates actionable rights in them and in other members of the public. The HMTA does not expressly create such rights. Plaintiffs argue that it meets the four-prong test established by the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1978), for use in inferring the existence of private rights from a regulatory statute. The *Cort* test asks whether: 1) the plaintiff is the "special beneficiary" of the statute; 2) Congress intended to confer such rights; 3)

the private right is consistent with the other provisions of the statute; and 4) state law rights of action are not sufficient to protect plaintiffs' interests.

Cases after *Cort,* however, have narrowed the focus to the second of these factors. Summarizing the trend of its recent cases, the Supreme Court has said that "the key to the inquiry is the intent of the legislature," *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 13, 101 S.Ct. 2615, 2622, 69 L.Ed.2d 435 (1981). The additional *Cort* factors survive only insofar as they cast light on the question of congressional intent, *Universities Research Ass'n v. Coutu,* 450 U.S. 754, 770, 101 S.Ct. 1451, 1461, 67 L.Ed.2d 662 (1981).

The lack of an express provision for private suits in the HMTA, which was enacted in 1976, is not fatal to plaintiffs' cause. However, a large number of regulatory statutes passed during the same decade do contain such provisions. These include the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.,* enacted in 1970; the Noise Control Act of 1972, 42 U.S.C. §§ 4901 *et seq.;* the Safe Drinking Water Act, 42 U.S.C. §§ 300 *et seq.,* enacted in 1974; and the Toxic Substances Control Act, 15 U.S.C. §§ 2601 *et seq.,* enacted in 1976.

There is no doubt, therefore, that Congress knew how to create private rights of action at the time the HMTA was enacted. And, in fact, the Senate's original version of the Act did include a "Citizen's Civil Action" provision which would have established certain private rights. The House version did not include the provision, nor did the Act as enacted. Although the deletion of the provision in the Conference Committee is not conclusive proof that Congress had rejected the idea of private rights of action, it is strong evidence that Congress had no affirmative intent to create such rights. When Congress has not contemplated implied private actions, courts should not infer their existence. *Sea Clammers,* 453 U.S. at 17–18, 101 S.Ct. at 2624–25.

Aside from the legislative history, the text and structure of the Act itself reduce the plausibility of the existence of an implied right of action. The purpose of the Act, as revealed in its preamble, is "to improve the regulatory and enforcement authority of the Secretary of Transportation." Every provision of the Act is designed to further this purpose of empowering the Secretary to act in this area. There is no sign of any intent to grant rights to private persons.

Furthermore, the Act provides both for civil penalties—the amount to be determined by the Secretary "as justice may require"—and criminal penalties, 49 U.S.C. § 1809. When "a statute provides a particular remedy or remedies, a court must be chary of reading others into it," *Sea Clammers*, 453 U.S. at 14, 101 S.Ct. at 2623, *citing Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 246–47, 62 L.Ed.2d 146 (1979).

Given the overwhelming evidence against the existence of any congressional intent to establish a private right of action, and the dearth of evidence in favor of such intent, it is not necessary to examine the additional *Cort* factors, *Sea Clammers*, 453 U.S. at 17–18, 101 S.Ct. at 2624–25. However, it is instructive to note in the context of the fourth *Cort* factor—the existence and sufficiency of state remedies—that at least one federal court has determined that the question of remedies for private persons appropriately belongs to state law in this area, *Southern Pacific Transportation Co. v. United States*, 462 F.Supp. 1193, 1224 (E.D.Calif.1978).

Plaintiffs' complaint includes several state common law and statutory claims. These will be dismissed for lack of subject matter jurisdiction, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## ORDER

This matter having been opened to the Court upon defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for the reasons set forth in the Court's Opinion filed herewith,

It is on this 9 day of April, 1986,

ORDERED that defendants' motion is granted and that plaintiffs' complaint is dismissed with prejudice in its entirety.

## AMENDED ORDER

This matter having been opened to the Court on the motion of plaintiff Village of Ridgefield Park to amend this Court's order of April 9, 1986, granting defendants' motion to dismiss plaintiffs' complaint,

It is on this 5 day of May, 1986,

ORDERED that said order of April 9, 1986 is amended, in conformity with this Court's opinion of April 9, 1986, to read as follows:

ORDERED that defendants' motion to dismiss Claims 1 and 5 of plaintiffs' complaint, alleging violations of the federal Hazardous Materials Transportation Act, 49 U.S.C. §§ 1801 *et seq.* (1976 & 1985 suppl.), is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and it is further

ORDERED that plaintiffs' pendant state law claims are dismissed for lack of federal jurisdiction.